UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL TATELMAN,<br><br>            Plaintiff,<br><br>      v.<br><br>SKYBELL TECHNOLOGIES, INC.,<br><br>            Defendant. | Case No.<br><br>COMPLAINT |

Plaintiff Michael Tatelman, by and thorough his counsel, complains of Defendant SkyBell Technologies, Inc. as follows:

### NATURE OF THE DISPUTE

1. Plaintiff Michael Tatelman is a former employee and officer of Defendant SkyBell Technologies, Inc.

2. Defendant breached a Confidential Separation and Mutual General Release Agreement it had entered into with Plaintiff.

3. As a result of Defendant's breach, Plaintiff commenced an arbitration proceeding against Defendant.

4. The parties settled that dispute by entering into the Settlement and General Release (the "Settlement Agreement"), attached hereto as Exhibit A.

5. Defendant has now breached the Settlement Agreement.

### THE PARTIES

6. Plaintiff Michael Tatelman is a resident and citizen of New Jersey.

7. Defendant SkyBell Technologies, Inc. ("SkyBell") is Nevada corporation with its principal place of business in Irvine, California.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332(a)(1) in that the petition involves citizens of different states, there is complete diversity of citizenship between the Plaintiff and Defendant (collectively the "Parties"), and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over Defendant by virtue of its agreement that Plaintiff shall be entitled to judgment against Defendant in the State of New York, County of New York in the event of any missed payments under the Settlement Agreement.

## FACTS

10. Tatelman is the former Chief Revenue and Marketing Officer of SkyBell.

11. The parties entered into a Confidential Separation and Mutual General Release Agreement dated June 25, 2023 (the "Separation Agreement").

12. SkyBell did not make all the payments required of it under the Separation Agreement.

13. Tatelman commenced an arbitration against SkyBell for breach of the Separation Agreement, among other claims.

14. Effective May 22, 2025, the Parties entered into the Settlement Agreement that resolved the claims being litigated in the arbitration.

15. Pursuant to the terms of the Settlement Agreement, SkyBell was required to pay $285,000 in payments of $15,000 each on the 5th and 20th of each month. (*See* Ex. A.)

16. The Settlement Agreement provides that, in the event SkyBell failed to make a payment and did not cure within 5 business days of receiving notice of its failure, Tatelman would be entitled to a judgment against SkyBell in the amount of $500,000, plus reasonable attorneys' fees and costs, less any payments made. (*Id.*)

17. SkyBell made payments to Tatelman under the Settlement Agreement totaling $195,000.

18. SkyBell did not make the payment due on October 20, 2025.

19. On October 28, 2025, Tatelman (through his counsel) provided written notice to SkyBell of its breach and demanded that SkyBell cure the same.

20. SkyBell did not cure.

21. On October 28, 2025, Tatelman (through his counsel) demanded that SkyBell pay the $500,000 less the amounts already paid under the Settlement Agreement.

22. SkyBell did not pay that amount or any other amounts under the Settlement Agreement.

23. Pursuant to the terms of the Settlement Agreement, Tatelman is entitled to judgment in his favor and against SkyBell in the amount of $305,000, plus his reasonable attorneys' fees and costs in prosecuting this action.

## COUNT I – BREACH OF CONTRACT

24. Plaintiff realleges paragraphs 1-23 as if set forth herein.

25. The Settlement Agreement is a fully enforceable contract.

26. Tatelman performed all of his obligations under the Settlement Agreement and provided valuable consideration to SkyBell, including by dismissing the arbitration he filed against SkyBell.

3

27.  SkyBell breached the Settlement Agreement by failing to make all the payments required to be made under that contract.

28.  Tatelman has incurred actual damages as a result of SkyBell's breaches.

29.  Pursuant to the terms of the Settlement Agreement, Tatelman is entitled to judgment in his favor and against SkyBell in the amount of $305,000, plus his reasonable attorney fees and costs.

WHEREFORE, Plaintiff Michael Tatelman prays that this Court enter judgment in his favor and against Defendant SkyBell Technologies, Inc. in the amount of $305,000, plus his reasonable attorney fees and costs, and award such further remedies as the Court deems just and equitable.

Dated: December 19, 2025

David S. Slovick (SDNY Bar No. DS1103)
Kopecky Schumacher Rosenburg LLC
120 N. LaSalle St., Suite 2000
Chicago, Illinois 60602
(773) 680-5711
dslovick@ksrlaw.com

-and-

Sean B. Crotty
Crotty Law, LLC
120 N. LaSalle St., Suite 2000
Chicago, Illinois 60602
(312) 606-8626
scrotty@crottylaw.com

*Attorneys for Plaintiff Michael Tatelman*